# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

GEORGE M. EZELL,            )
                            )
       Plaintiff,       )
                            )
vs.                         )    Case No. CIV-15-968-R
                            )
BNSF RAILWAY COMPANY,       )
                            )
       Defendant.       )

# ORDER

Before the Court is defendant BNSF Railway Company's ("BNSF") Motion for Summary Judgment, filed August 31, 2018. On September 20, 2018, plaintiff George M. Ezell ("Ezell") filed his response, and on September 27, 2018, BNSF filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

On May 2, 2014, Ezell was employed as a locomotive conductor with BNSF. On that day, Ezell's job was to link up with a work train, bring it to the Enid, Oklahoma rail yard to separate "loads" from "empties", and set out twenty "loads" of ballast for use on the work train. While checking the load of a railcar to determine whether it was a "load" or an "empty", plaintiff climbed the side ladder of the railcar and, within moments, fell from the side ladder, fracturing his left foot and lower right leg and ankle.

On September 4, 2015, Ezell filed this action, asserting a Federal Employers' Liability Act ("FELA") claim and a Federal Safety Appliance Act ("FSAA") claim. BNSF now moves for summary judgment as to both claims. In his response, Ezell concedes that summary judgment should be granted on his FSAA claim.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

In order to prevail on a FELA claim, a plaintiff must "prove that (1) an injury occurred while the plaintiff was working within the scope of his or her employment with the railroad, (2) the employment was in furtherance of the railroad's interstate transportation business, (3) the employer railroad was negligent, and (4) the employer's negligence played some part in causing the injury for which compensation is sought under

the Act." *Aparicio v. Norfolk & W. Ry. Co.*, 84 F.3d 803, 810 (6th Cir. 1996), *abrogated on other grounds by*, *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).[1] To prove that the employer railroad was negligent, a plaintiff must show the common law negligence elements of duty, breach, foreseeability, and causation. *See Volner v. Union Pac. R.R. Co.*, 509 F. App'x 706, 708 (10th Cir. 2013). Under the FELA, a railroad "has a duty to furnish its employees with a reasonably safe place to work." *Missouri-Kansas-Texas Ry. Co. v. Hearson*, 422 F.2d 1037, 1040 (10th Cir. 1970). This duty includes the duty to provide adequate and reasonably safe tools and equipment. *See Jordan v. Southern Ry. Co.*, 970 F.2d 1350, 1353 (4th Cir. 1992). Further, under the FELA, the appropriate inquiry is whether the method prescribed by the employer was reasonably safe, not whether the employer could have employed a safer alternative method for performing the task. *See Stillman v. Norfolk & W. Ry.*, 811 F.2d 834, 838 (4th Cir. 1987). "That there are other, arguably more advanced, methods in use by the defendant for [accomplishing the task at hand] is of no significance where the method in use by [the plaintiff] was not an inherently unsafe one." *Soto v. Southern Pac. Transp.*, 644 F.2d 1147, 1148 (5th Cir. 1981).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Ezell and viewing all reasonable inferences in Ezell's favor, the Court finds that Ezell has presented no evidence that would create a genuine issue of material fact as to whether BNSF was negligent. Specifically, the Court finds that the undisputed evidence shows that BNSF fulfilled its duty to provide Ezell with a safe place to work and with adequate and reasonably safe tools and equipment. Ezell admits that the

---

[1] BNSF asserts that Ezell has not shown that it was negligent.

railcar and ladder at issue were in proper condition and had no defects. Additionally, Ezell's expert Colon R. Fulk testified that climbing a railcar is a regularly performed function of a conductor and that the task of determining whether railcars were "loads" or "empties" was a task that could be safely performed by the method which Ezell used – climbing the railcar. Ezell's expert further testified that the task of climbing a railcar is not inherently dangerous, particularly when the equipment is free of defects. Finally, whether there was a safer alternative method Ezell could have used to determine whether the railcar was a "load" or an "empty", such as Ezell's proposed "mirror on a stick" device or BNSF having a procedure requiring conductors to be provided with written or oral information concerning loaded and empty cars making up a train, does not alter this Court's determination of no negligence on the part of BNSF because the method used by Ezell, climbing the railcar, was not inherently unsafe.

Accordingly, the Court finds BNSF is entitled to summary judgment as to Ezell's FELA claim and FSAA claim.

IV. Conclusion

For the reasons set forth above, the Court GRANTS BNSF's Motion for Summary Judgment [docket no. 39].

**IT IS SO ORDERED this 11th day of January, 2019.**

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE